```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                     EASTERN DIVISION
```

Pamela S. Sims,                  :

       Plaintiff,           :

  v.                             :       Case No. 2:05-cv-0470

Outsource Partners, Inc., et al,:       JUDGE FROST

       Defendants.          :

## OPINION AND ORDER

Plaintiff, Pamela S. Sims, filed this action against her former employer alleging various causes of action arising primarily out of the termination of her employment which occurred on September 2, 2003. In her original complaint, she contended that the termination was improper because it occurred in retaliation for her use of leave under the Family Medical Leave Act. She also asserted claims relating to her compensation, contending that she was improperly paid under both the Equal Pay Act and the Fair Labor Standards Act. Finally, she asserted that an application which she made for short-term and long-term disability eligibility on March 12, 2002, was not appropriately processed and she therefore was unable to obtain such coverage.

Ms. Sims has now moved for leave to file an amended complaint. In the amended complaint, she asserts, for the first time, based on information she claims only recently to have discovered, that she was actually eligible to enroll in Outsource's disability plans in 2001, and that Outsource negligently failed to advise her of her enrollment eligibility at that time. Outsource opposes the filing of an amended complaint based on these facts because it asserts that the four-year statute of limitations set forth in O.R.C. §2305.09 for general

negligence has run, and that the proposed amendments do not relate back to the date of the filing of the original complaint, which was April 12, 2005. For the following reasons, the Court concludes that the motion for leave to amend is not well-taken and should be denied.

I.

Fed.R.Civ.P. 15(a) states that when a party is required to seek leave of court in order to file an amended pleading, "leave shall be freely given when justice so requires." The United States Court of Appeals for the Sixth Circuit has spoken extensively on this standard, relying upon the decisions of the United States Supreme Court in Foman v. Davis, 371 U.S. 178 (1962) and Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321 (1971), decisions which give substantial meaning to the "when justice so requires." In Foman, the Court indicated that the rule is to be interpreted liberally, and that in the absence of undue delay, bad faith, or dilatory motive on the part of the party proposing an amendment, leave should be granted. In Zenith Radio Corp., the Court indicated that mere delay, of itself, is not a reason to deny leave to amend, but delay coupled with demonstrable prejudice either to the interests of the opposing party or of the Court can justify such denial.

Expanding upon these decisions, the Court of Appeals has noted that:

> [i]n determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction.

Phelps v. McClellan, 30 F.3d 658, 662-63 (6th Cir. 1994) (citing Tokio Marine & Fire Insurance Co. v. Employers Insurance of Wausau, 786 F.2d 101, 103 (2d Cir. 1986)). See

2

also Moore v. City of Paducah, 790 F.2d 557 (6th Cir. 1986); Tefft v. Seward, 689 F.2d 637 (6th Cir. 1982). Stated differently, deciding if any prejudice to the opposing party is "undue" requires the Court to focus on, among other things, whether an amendment at any stage of the litigation would make the case unduly complex and confusing, see Duchon v. Cajon Co., 791 F.2d 43 (6th Cir. 1986) (per curiam), and to ask if the defending party would have conducted the defense in a substantial different manner had the amendment been tendered previously. General Electric Co. v. Sargent & Lundy, 916 F.2d 1119, 1130 (6th Cir. 1990); see also Davis v. Therm-O-Disc, Inc., 791 F. Supp. 693 (N.D. Ohio, 1992).

The Court of Appeals has also identified a number of additional factors which the District Court must take into account in determining whether to grant a motion for leave to file an amended pleading. They include whether there has been a repeated failure to cure deficiencies in the pleading, and whether the amendment itself would be an exercise in futility. Robinson v. Michigan Consolidated Gas Co., 918 F.2d 579 (6th Cir. 1990); Head v. Jellico Housing Authority, 870 F.2d 1117 (6th Cir. 1989). The Court may also consider whether the matters contained in the amended complaint could have been advanced previously so that the disposition of the case would not have been disrupted by a later, untimely amendment. Id. It is with these standards in mind that the instant motion to amend will be decided.

## II.

The negligence claim which Ms. Sims wishes to assert is governed by a four-year statute of limitations. O.R.C. §2305.09. It is unclear exactly when her negligence claim accrued, although she asserts that Outsource had a duty either when she resumed employment with that company in March, 2001, or on a date 90 days after she resumed such employment, to advise her that she was eligible to enroll in disability plans after an initial 90-day

3

waiting period. In either event, the claim accrued more than four years before she tendered her motion for leave to amend, and it may have accrued more than four years before she filed her original complaint. Assuming, however, that the claim accrued not on the date that she resumed employment with Outsource, but approximately 90 days thereafter, the claim would still be barred by the four-year statute of limitations unless it relates back to the April 12, 2005 filing date.

Fed.R.Civ.P.15(c)(2) provides that an amendment of a pleading relates back to the date of the original pleading when "the claim...in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading...." Ms. Sims asserts that because the new claim relates to the same disability policies which she applied for in March, 2002, and because she alleged a wrongful denial of the right to participate in those plans at that time, it satisfies the requirements of Rule 15(c).

As the Court of Appeals for the Sixth Circuit observed, the purpose of Rule 15(c)(2) is to permit a party to add a theory of liability which, although it may be an entirely different cause of action, relates to the same set of facts upon which other theories of liability already pleaded are founded upon. Conversely, "a claim with entirely different 'operative facts' will not relate back." Miller v. American Heavy Lift Shipping, 231 F.3d 242, 249 (6th Cir. 2000), citing Koon v. Lakeshore Contractors, 128 F.R.D. 650, 653 (W.D. Mich. 1988). As this Court has recognized, if the claim is premised upon the same general set of facts as the claims in the original complaint, it will relate back. Ferrero v. Henderson, 2003 WL 21796381 (S.D. Ohio June 24, 2003). On the other hand, if it "sets forth actions based on other occurrences" than those contained in the original complaint, it will not relate back. Laney Brentwood Homes v. Town of Collierville, 144 Fed. Appx. 506, 511 (6th Cir. 2005).

4

Here, most of the claims in the original complaint relate to the termination of employment which occurred in September, 2003. Clearly, the new negligence claim does not arise out of the same facts which led to that termination. Ms. Sims' original claim for denial of disability benefits relates solely to events which occurred in March, 2002, when she filed an application to participate in the disability plans. Ms. Sims claims that application was denied because Outsource inappropriately failed to process the application. Her new negligence claim relates to events which occurred almost a year earlier and which are of an entirely different character. In her new claim, Ms. Sims alleges that, based upon the plan documents themselves, Outsource had a duty to advise its employees of the time when they were eligible to apply for coverage under the short-term and long-term disability policies, and that Outsource failed to discharge that duty by not giving her the appropriate information. Although there is some relationship between these claims in the sense that they both relate to the same disability policies, they do not arise out of the same general set of facts. The temporal separation between the wrongdoing alleged in the new negligence claim and the wrongdoing alleged in the original complaint highlights the fact that these claims are not premised on the same set of facts. Consequently, the Court finds that the new claim does not "relate back" within the meaning of Rule 15(c)(2), and permitting it to be pleaded would be an exercise in futility because it would be barred by the applicable statute of limitations.

### III.

Ms. Sims contends that if the Court concludes that the new claim does not relate back, the Court should still permit that claim to be pleaded on grounds that the statute of limitations can be equitably tolled. She bases that assertion on her claim that she could not have discovered the facts concerning this claim within the limitations period despite the exercise of due

5

diligence and because Outsource's course of conduct concealed the evidence of its wrongdoing.  For the following reasons, the Court finds this argument not to be well-taken.

First, the Court notes that the "discovery rule" which may be applicable to other sections of Ohio's statute of limitations does not apply to negligence claims covered by the limitations period set forth in §2305.09.  <u>Investors REIT One v. Jacobs</u>, 46 Ohio St. 3d 176 (1989); <u>see</u> <u>also</u> <u>Lonestar Steakhouse & Saloon of Ohio v. Quaranta</u>, 2000 WL 924630 (Mahoning Cty. App. March 18, 2002).  Thus, a plaintiff may not avoid the application of this statute of limitations simply by asserting that, despite the exercise of due diligence, the plaintiff did not discover the operative facts leading to the cause of action until after the expiration of the limitations period.

Ms. Sims may be claiming, however, that Outsource is equitably estopped from raising a statute of limitations defense.  Apart from the fact that the proposed amended complaint does not plead any facts which would support this method of avoiding the statute of limitations, Ohio case law, while not entirely clear on this point, appears to require a defendant to make misrepresentations concerning matters relating to the statute of limitations itself - such as when the cause of action accrued or the timely filing of a suit would not be required - in order for equitable tolling of the statute of limitations to occur.  <u>See</u>, <u>e.g.</u>, <u>Bryant v. Doe</u>, 50 Ohio App. 3d 19 (Clark Cty. 1988); <u>see also</u> <u>Ruch v. State of Ohio</u>, 2004 WL 2893150 (Franklin Cty. App. December 14, 2004).  In other words, "[i]n order to apply the doctrine to the statute of limitations, a party must show that the misrepresentation [which constitutes the alleged estoppel] 'was calculated to induce a plaintiff to forego the right to sue.'" <u>Hoeppner v. Jess Howard Electric</u>, 150 Ohio App. 3d 216, 225 (Franklin Cty. 2002), quoting <u>Welfley v. Vrandenberg</u>, 1996 WL 145467 (Franklin Cty. App. March 29, 1996).  Other cases appear to apply the same requirement.  <u>See</u> <u>Creaturo v. Duko</u>, 2005 WL

6

678513 (Columbiana Cty. March 14, 2005); <u>Markese v. Ellis</u>, 11 Ohio App. 2d 160 (Hamilton Cty. 1967). The rule may be similar if, rather than equitable tolling, Ms. Sims is relying upon the doctrine of fraudulent concealment. See <u>Sharp v. Ohio Civil Rights Commission</u>, 2005 WL 589889 (Mahoning Cty. App. March 10, 2005) (fraudulent concealment requires affirmative misrepresentations by the defendant and not just silence concerning the facts underlying the cause of action); see also <u>Doe v. Archdiocese of Cincinnati</u>, ___ Ohio St. 3d ___, 2006 WL 1510892 (May 31, 2006) (fraudulent concealment requires subsequent and specific actions designed to prevent the plaintiff from bringing suit).

Here, although Ms. Sims does allege some failures on the part of Outsource to provide information concerning her initial eligibility, most of those are failures to provide information after this lawsuit was filed. Obviously, none of them would have occurred during any applicable limitations period, nor could they have served as a misrepresentation to her in order to induce her to forego filing suit. She does not identify, in her memorandum (and certainly not in her amended pleading), any other specific misrepresentations made by Outsource within the limitations period which she would have relied on to her detriment and she does not allege that she refrained from filing suit based upon a belief that the limitations period was not running. Under these circumstances, the amendment would be futile because Ms. Sims would not be able to plead facts supporting tolling of the statute of limitations.

IV.

Ms. Sims has argued in her reply brief that, should the Court conclude that her negligence claim is fatally flawed, she should be permitted to plead the same claim as a contract claim which would not be barred by the statute of limitations. The two problems with this argument are that, first, it was asserted only in a reply brief to which Outsource has had no opportunity to

7

respond, and, secondly, she has not tendered any amended pleading which would set forth such a claim.  Consequently, the Court will not accept that argument, although Ms. Sims may file a new motion to amend if she wishes to pursue her contention that the claim is appropriately asserted as a contract claim.

V.

Based upon the foregoing, plaintiff's motion for leave to file a first amended complaint (#24) is denied.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp
United States Magistrate Judge